⭑JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Marlyn D. Phillips | Focus Receivables Management, LLC |

| (b) County of Residence of First Listed Plaintiff **Bucks** | County of Residence of First Listed Defendant |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Vicki Piontek, Esquire, 951 Allentown Road Lansdale, PA  19446, (717) 533-7472 | Allen R. Bunker, Esquire, Comeau & Bunker, 1600 JFK Blvd. Four Penn Ctr, 5th Fl., Phila., PA 19103 (215) 814-6180 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
U.S. Statute 47 U.S.C. Sec. 227 et seq.

Brief description of cause:
Alleged violation of Telephone Consumer Protection Act.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
09/08/2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
    Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Marlyn D. Phillips                           :          CIVIL ACTION
                                             :
                 v.                          :
                                             :
Focus Receivables Management, LLC :                     NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( X)


| 09/08/2011 | Allen R. Bunker, Esq | Focus Receivables Management |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** Defendant |
| (215) 814-6180 | (215) 569-0284 | Abunker@comeaubunker.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 – Assignment to a Management Track

(a)   The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)   In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)   The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)   Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)   Nothing in this Plan is intended to supersede Local Civil Rules 40.1 or 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
#### (See §1.02 (e) Management Track Definitions of the
#### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 854 Martha Lane, Warminster, PA 18974

Address of Defendant: 1130 Northchase Parkway, Suite 150, Marietta, GA 30067

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☒   No ☐

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
   (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

Alleged violation of telephone Consumer Protection Act, 47 U.S.C. Sec. 227 et seq.

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Allen R. Bunker, Esquire, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 09/08/2011      Allen R. Bunker, Esquire      45132
                      Attorney-at-Law                Attorney I.D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/08/2011      Allen R. Bunker, Esquire      45132
                      Attorney-at-Law                Attorney I.D.#

CIV. 609 (6/08)

COMEAU & BUNKER
By: ALLEN R. BUNKER, Esquire
Attorney I.D.#: 45132
Four Penn Center, Suite 500
1600 JFK Boulevard
Philadelphia, PA 19103-2808
(215) 814-6180

Attorney for Defendant,
Focus Receivables Management LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------

MARLYN D. PHILLIPS

            Plaintiff

       v.

FOCUS RECEIVABLES MANAGEMENT, LLC
AND JOHN DOES 1-10 AND
X, Y, Z CORPORATIONS

           Defendants

No.  2010-02461

---------------------------------------------------------

## DISCLOSURE STATEMENT FORM

Please check one box:

☐    The nongovernmental corporate party, Focus Receivables Management LLC in the above
listed civil action does not have any parent corporation and publicly held corporation that
owns 10% or more of its stock.

☒    The nongovernmental corporate party Focus Receivables Management LLC, in the above
listed civil action has the following parent corporation(s) and publicly held corporation(s)
that owns 10% of its stock:  Focus Holding Company

 

                             September 8, 2011

                             Signature:  Allen R. Bunker

                             Counsel for:
                             Focus Receivables Management LLC

COMEAU & BUNKER
By: ALLEN R. BUNKER, Esquire
Attorney I.D.#: 45132
Four Penn Center, Suite 500
1600 JFK Boulevard
Philadelphia, PA 19103-2808
(215) 814-6180

Attorney for Defendant,
Focus Receivables Management LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

--------------------------------------------------------

MARLYN D. PHILLIPS

      Plaintiff

    v.

              No.  2010-02461

FOCUS RECEIVABLES MANAGEMENT, LLC
AND JOHN DOES 1-10 AND
X, Y, Z CORPORATIONS

      Defendants

--------------------------------------------------------

## DISCLOSURE STATEMENT FORM

Please check one box:

☐  The nongovernmental corporate party, Focus Receivables Management LLC in the above
   listed civil action does not have any parent corporation and publicly held corporation that
   owns 10% or more of its stock.

☒  The nongovernmental corporate party Focus Receivables Management LLC, in the above
   listed civil action has the following parent corporation(s) and publicly held corporation(s)
   that owns 10% of its stock:  Focus Holding Company

              September 8, 2011

              Signature:  Allen R. Bunker

              Counsel for:
              Focus Receivables Management LLC

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

--------------------------------------------------------

MARLYN D. PHILLIPS

                Plaintiff           CIVIL ACTION

       v.

                                   No.  2010-02461

FOCUS RECEIVABLES MANAGEMENT, LLC
AND JOHN DOES 1-10 AND
X, Y, Z CORPORATIONS

                Defendants

--------------------------------------------------------

### NOTICE TO PLAINTIFF

TO:    Plaintiff: Marlyn D. Phillips
        c/o:  Vicki Piontek, Esquire
        951 Allentown Road
        Lansdale, PA 19446

Defendant Focus Receivables Management LLC, by and through its counsel, has filed a

Notice of Removal in the United States District Court for the Eastern District of Pennsylvania

removing to that Court a civil action previously pending in the Court of Common Pleas of Bucks

County, entitled <u>Phillips v. Focus Receivables Management, LLC, et al.</u>, Docket No. 2010-

02461.

                                  COMEAU & BUNKER
                                  By:  ALLEN R. BUNKER

                                  Attorney for Defendant, Focus
                                  Receivables Management LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------

MARLYN D. PHILLIPS

                 Plaintiff             CIVIL ACTION

        v.

                                        No.  2010-02461

FOCUS RECEIVABLES MANAGEMENT, LLC
AND JOHN DOES 1-10 AND
X, Y, Z CORPORATIONS

                 Defendants

------------------------------------------------------------

## NOTICE OF REMOVAL

AND NOW, comes the Defendant, Focus Receivables Management LLC, for the purpose only of removing the cause to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1.    This is a civil action filed and now pending in the Court of Common Pleas of Bucks County, Pennsylvania at Docket No. 2010-02461.

2.    The action was instituted by Plaintiff by filing a Complaint on  March 12, 2010. Thereafter, a copy of the Complaint was received by Defendant, Focus Receivables Management LLC, on August 23, 2011, service being by certified mail.

3.    A copy of the Complaint is attached hereto and marked Exhibit "A".  No other process, pleadings, or Orders have been served upon Defendant.

4.    The amount in controversy with respect to the claim of each Plaintiff does not exceed the sum of One Hundred Fifty Thousand Dollars ($150,000.00) exclusive of interest and costs.

5.     The averments made in this Notice of Removal are true and correct with respect to the date upon which suit was commenced and the date upon which this Notice is being filed.

6.     This is a suit of a civil nature and involves a controversy arising under a federal statute, the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq.

7.     Defendant, Focus Receivables Management LLC, has simultaneously with the filing of this Notice given written notice to Plaintiff.

8.     Defendant, Focus Receivables Management LLC, also is filing a copy of the instant Notice of Removal and all attachments hereto with the Prothonotary of the Court of Common Pleas of Bucks County.

WHEREFORE, Defendant, Focus Receivables Management LLC, hereby removes this suit to this Honorable Court pursuant to the laws of the United States in such cases made and provided.

Respectfully submitted,

COMEAU & BUNKER

BY: _____
ALLEN R. BUNKER
Attorney I.D. #45132
Attorney for Defendant
Focus Receivables Management LLC

Comeau & Bunker
Four Penn Center, Suite 500
1600 JFK Boulevard
Philadelphia, PA 19103-2808
(215) 814-6180
(215) 569-0284

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

--------------------------------------------------------

MARLYN D. PHILLIPS

                         Plaintiff                    CIVIL ACTION

        v.

                                            No.  2010-02461

FOCUS RECEIVABLES MANAGEMENT, LLC
AND JOHN DOES 1-10 AND
X, Y, Z CORPORATIONS

                         Defendants

--------------------------------------------------------

## PROOF OF FILING

COMMONWEALTH OF PENNSYLVANIA      :
                                       :     §
COUNTY OF PHILADELPHIA                 :

      Allen R. Bunker, Esquire, being duly sworn according to law, deposes and says that I am

the attorney for Defendant, Focus Receivables Management LLC, and that I did direct the filing

with the Prothonotary of the Court of Common Pleas of Bucks County a copy of the Notice of

Removal attached hereto, said filing to be made on  September 8, 2011.

Sworn to and Subscribed  Before

me this    *8th*    day of

    *September*    , 2011.

_____                       _____
Notary Public                                      ALLEN R. BUNKER

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BARBARA M. SZCZESNIAK, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 21, 2013

# EXHIBIT "A"

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Marlyn D. Phillips
854 MARTHA LANE
WARMINSTER, PA 18974

             Plaintiff

Vs.

Focus Receivables Management, LLC
1130 Northchase Parkway, Suite 150
Marietta, GA 30067
and

John Does 1-10
and

X, Y, Z Corporations

             Defendant(s)

:
:
:
:
:
:
:
:
:
:
:
:

Jury Trial Demanded

2010-02461



Case Number: 2010-02461
Receipt    Z536342
Code: J6
Patricia Bachtle - Bucks Co Prothonotary    Judge: 25
B09    Filing: 9583135
8/16/2011 9:18:40 AM

## NOTICE

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Legal Aid of Southeastern Pennsylvania for Bucks County
1290 Veterans Highway, Box 809, Bristol, PA 19007
215-781-1111

Bucks County Legal Aid Society
100 Union St, Doylestown, PA 18901
(215) 340-1818

Bucks County Bar Association
135 East State Street, PO Box 300, Doylestown, PA 18901
215-348-9413

)                                    )

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Marlyn D. Phillips                         :
854 MARTHA LANE                            :
WARMINSTER, PA  18974                      :
                          Plaintiff        :
Vs.                                        :
Focus Receivables Management, LLC          :        Jury Trial Demanded
1130 Northchase Parkway, Suite 150         :
Marietta, GA 30067                         :
and                                        :
John Does 1-10                             :        2010-02461
and                                        :
X,Y, Z Corporations                        :
                      Defendant(s)         :


## COMPLAINT

### INTRODUCTION

1.  This is a lawsuit for damages brought by an individual consumer for Defendant(s)'

    alleged violations of the Telephone Consumer Protection Act, 47 USC § 227 et. seq.

    ("TCPA").

## JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3. Venue is proper in this jurisdiction because Defendant(s) regularly transact(s) business throughout this jurisdiction.

4. Defendant obtains the benefit(s) of regularly transacting business in this jurisdiction.

5. A substantially portion of the conduct complained of occurred in this jurisdiction.

**PARTIES**

6.  All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

7.  Plaintiff is Marlyn Phillips, an adult individual with a current address of 854 Martha Lane, Warminster, PA  18974, on behalf of herself and those similarly situated Plaintiffs.

8.  Defendants are the following individuals and business entities.

    a.    Focus Receivables Management, LLC, a corporation with a principle place of business located at 1130 Northchase Parkway, Suite 150, Marietta, GA 30067.

    b.    John Does 1-10, individuals or business entities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

    c.    X.Y.Z Corporations, business identities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

## COUNT ONE: VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 USC § 227 ET. SEQ.

9. The previous paragraphs are incorporated by reference and made a part of this complaint.

10. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

12. 47 U.S.C. § 227(b) states in pertinent part:

> (b) Restrictions on use of automated telephone equipment
> (1) **Prohibitions**
> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice---
> * * *
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;
>
> (3) **Private right of action**

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State---
(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
(C) both such actions.
If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph
(B) of this paragraph.

13. On January 4, 2008, the FCC released a Declaratory Ruling confirming that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("FCC Declaratory Ruling")*, 23 F.C.C.R. 559, 23 FCC Rcd. 559,43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

14. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *FCC Declaratory Ruling, 23 F.C.C.R. at 564-65 ¶10).*

15. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of* 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

16. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling, 23* F.C.C.R. at 565 (10).

17. At all times relevant, Plaintiff was a "person" as defined by 47 U.S.C. § 153(10).

18. At a certain time, prior to 2011, Plaintiff engaged in a consumer credit transaction which was the subject of Defendant's collection activity.

19. Plaintiff's account went into collections, and the account was referred to Defendant(s) for the purpose of collection.

20. At no time did Plaintiff provide Defendant(s) with Plaintiff's cell phone number.

21. At no time did Plaintiff provide the original alleged creditor for the account that was the subject of Defendant's collection activity with Plaintiff's cell phone number.

22. Defendant contacted Plaintiff on Plaintiff's cellular telephone. Plaintiff received one or more calls from Defendant on Plaintiff's cellular phone.

23. It is believed and averred that Defendant(s) used some method or mechanism to look up Plaintiff's cell phone number in order to facilitate the calls.

24. It is believed and averred that one or more of the telephone calls by Defendant to Plaintiff on Plaintiff's cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

25. Because these calls were prerecorded, Plaintiff had no ability to request that the calls end or to voice Plaintiff's complaints to a real person.

26. It is believed and averred that one or more of the telephone calls placed by Defendant to Plaintiff's cellular telephone were made using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 et. seq.

27. Such automated calls were made by Defendant(s) to Plaintiff's cellular telephone service as defined in 47 U.S.C. § 227(b)(1)(A)(iii).

28. The complained of telephone calls did not constitute calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

29. During the transaction that resulted in the alleged debt owed, Plaintiff did not provide a wireless or cellular number to Defendant, nor otherwise provide express consent to receive automated calls by Defendant on Plaintiff's cellular telephone.

30. Plaintiff did not provide "express consent" allowing Defendant, or the original creditor to place telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

31. Plaintiff did not list a cellular phone number in or on any documents at any time during the transaction that resulted in the Purported Debt.

32. Plaintiff did not verbally provide Defendant(s), or any other party, with a cellular phone number at any time during the transaction that resulted in the Purported Debt, or thereafter.

33. Defendant's telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

34. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

35. Plaintiff believes and avers that Plaintiff received no less than 5 automated calls on Plaintiff's cell phone from Defendant(s), and probably more that came in, but Plaintiff was not able to document.

## LIABILITY

36. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

37. Defendant(s) is liable to Plaintiff(s) for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

38. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of negligent supervision.

39. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of the non-deligible duty.

40. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

41. Any mistake made by Defendant would have included a mistake of law.

42. Any mistake made by Defendant would not have been a reasonable bona fide mistake.

## DAMAGES

43. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

44. At least $1.00 actual damages, including but not limited to phone, fax, stationary, postage, etc.

45. Plaintiff believes ad avers that Plaintiff is entitled to at least $500.00 per call that Plaintiff received from Defendant(s) in violation of TCPA.

46. Plaintiff believes and avers that there was at least 10 separate automated telephone calls from Defendant(s) to Plaintiff's cell phone, thereby warranting $5,000.00 in statutory damages under TCPA.

47. Plaintiff suffered emotional distress with a Dollar value to be proven at trial.

## ATTORNEY FEES

48. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

49. Plaintiff is entitled to reasonable attorney fees in this matter at a rate of no less than $350 per hour, or other rate that this Honorable Court deems just and fare, pursuant the fee shifting provision of TCPA and FDCPA.

50. Plaintiff's attorney fees of $1,575.00 at a rate of $350.00 per hour, are enumerated below.

  a.  Consultation with client on at least 2 separate occasions          1

  b.  Drafting, editing review and filing of complaint                   1
      and related documents

  c.  Research on Defendant                                             .5

  d.  Follow up With Defense                                             2
  _____

                                                         4.5 x $350 = $1,575

51. Plaintiff's attorney fees continue to accrue as the case move forward.

52. The above stated attorney fees include prosecution of this complaint to the date of the instant filing and reasonable follow up.

## OTHER RELIEF

53. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

54. Plaintiff seeks injunctive relief barring further unlawful collection activity.

55. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

56. Plaintiff requests a jury trial in this matter.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $6,576.

$1.00 actual damages more or less for postage, stationary , fax, etc.

$20,000 statutory damages under TCPA

$1,575.00 attorney fees

_____

$6,576.00

Plaintiff seeks such other relief as the Court deems just and fair.

Vicki Piontek, Esquire          8/15/2011
_____        Date
Vicki Piontek, Esquire
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
717-533-7472
Fax: 866-408-6735
palaw@justice.com

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA

Marlyn D. Phillips                          :
854 MARTHA LANE                             :
WARMINSTER, PA  18974                        :
              Plaintiff       :
Vs.                                         :
Focus Receivables Management, LLC           :      Jury Trial Demanded
1130 Northchase Parkway, Suite 150          :
Marietta, GA 30067                          :
and                                         :
John Does 1-10                              :      2010-02461
and                                         :
X,Y, Z Corporations                         :
           Defendant(s)    :

## Verification

I, Marlyn Phillips, verify that the statements contained in the complaint against the Defendant(s) are true and accurate to the best of my knowledge, understanding and belief.

Marlyn Phillips      8-13-2011

Marlyn Phillips      Date



Piomek Law Office
951 Allentown Road
Lansdale, PA 19446

FIRST CLASS
MAIL

CERTIFIED MAIL

7011 0470 0001 4698 6794

Focus Receivables Management, LLC
1130 Northchase Parkway
Suite 150
Marietta, GA 30067

16741364
MU

1674/364

U.S. POSTAGE
PAID
LANSDALE PA
AUG 20 '11
AMOUNT
$6.86
00120490659-0R

1000

30067

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

-----------------------------------------------------

MARLYN D. PHILLIPS

                    Plaintiff

       v.

FOCUS RECEIVABLES MANAGEMENT, LLC
AND JOHN DOES 1-10 AND
X, Y, Z CORPORATIONS

                    Defendants

CIVIL ACTION

No.  2010-02461

-----------------------------------------------------

## CERTIFICATION OF SERVICE

      ALLEN R. BUNKER, ESQUIRE, attorney for Defendant Focus Receivables

Management LLC, hereby certifies that I caused a copy of the Notice of Removal to be served

upon the parties named below by United States, first-class mail, postage prepaid on September 8,

2011.

Vicki Piontek, Esquire
951 Allentown Road
Lansdale, PA 19446

                             COMEAU & BUNKER
                             BY: ALLEN R. BUNKER

                             Attorney for Defendant Focus Receivables
                             Management LLC